UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>JAMES W. FOLTZ, *et al.*,<br>    *Defendants.* | )<br>)<br>)<br>)    1:12-cv-746-JMS-DKL<br>)<br>)<br>)<br>) |

## **ORDER**

Plaintiff State Farm Fire & Casualty Company ("State Farm") filed this declaratory judgment action in May 2012, alleging that this Court could exercise diversity jurisdiction over its action against Defendants James Foltz, Judy Foltz, and Doris Kelly. [Dkt. 1 at 1.] State Farm properly pled the elements of diversity jurisdiction in its Complaint. In their Answer, however, the Foltzes deny knowledge of State Farm's jurisdictional allegations concerning its citizenship and, thus, deny the same. [Dkt. 12 at 2 ¶¶ 1, 3.] It also appears that the Foltzes ignore the allegation regarding Defendant Doris Kelly's citizenship. [Dkt. 12 at 2 ¶ 2 (admitting that "they" are residents of Indiana without acknowledging Ms. Kelly, who is a separately represented party).] Importantly, the Foltzes respond that they are without sufficient knowledge of the existence of diversity jurisdiction and, therefore, deny that it exists over State Farm's claim.[1] [*Id.* at ¶ 3.]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Based on the Foltzes answer to State Farm's Complaint, the Court cannot determine whether it can exercise diversity jurisdiction. The Court is not being hyper-technical: Counsel has a professional obligation to

---

[1] The Court notes that although they were reluctant to admit the jurisdictional allegations in their Answer, [dkt. 12 at 1 ¶¶ 1-3], the Foltzes copy State Farm's jurisdictional allegations verbatim to allege that this Court has diversity jurisdiction over their counterclaim, [dkt. 12 at 8 ¶¶ 1-3].

- 1 -

analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the Court **ORDERS** the Foltzes to confer with the other parties, conduct any necessary investigation and file a jurisdictional statement by **July 20, 2012**, setting forth each party's position regarding the existence of the Court's jurisdiction over all claims in this action.

07/12/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Victoria Redstone Calhoon
ICE MILLER LLP
victoria.calhoon@icemiller.com

Jan N. Campbell
LEEUW OBERLIES & CAMPBELL, P.C.
jcampbell@indylegal.net

Kevin Patrick Farrell
CLINE FARRELL CHRISTIE LEE & CARESS
kevin@cfcl-law.com

Jeffrey R. Oberlies
LEEUW OBERLIES & CAMPBELL, P.C.
joberlies@indylegal.net

Blake J. Schulz
LEEUW OBERLIES & CAMPBELL, P.C.
bschulz@indylegal.net

Donald M. Snemis
ICE MILLER LLP
donald.snemis@icemiller.com

Seth M. Thomas

ICE MILLER LLP
seth.thomas@icemiller.com